IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANJANETTE BYRD,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　)
　　-vs-　　　　　　　　　　　　　　　　　)　　Civil Action No.　18-40
　　　　　　　　　　　　　　　　　　　　　)
NANCY A. BERRYHILL,[1]　　　　　　　　)
COMMISSIONER OF SOCIAL SECURITY,　)
　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　　　　　　　　)

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 15 and 19). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 16 and 20). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 15) and granting Defendant's Motion for Summary Judgment. (ECF No. 19).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for disability insurance benefits and supplemental security insurance benefits pursuant to the Social Security Act. On November 14, 2016, Administrative Law Judge ("ALJ"), Sarah Ehasz, held a hearing. (ECF No. 8-3). On March 3, 2017, the ALJ found that Plaintiff was not disabled under the Social Security Act. (ECF No. 8-2, pp. 19-33).

After exhausting all administrative remedies thereafter, Plaintiff filed this action. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 15 and 19). The issues are now ripe for review.

---

[1]Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Jobs Identified by Vocational Expert ("VE")

Plaintiff argues that the ALJ erred in relying on the VE's testimony regarding the jobs available in the national economy because they are not unskilled and/or no longer exist as described in the Dictionary of Occupational Titles ("DOT"). (ECF No. 16, pp. 4-9). At step five, the ALJ must determine if there exist a significant number of jobs in the national economy "in one or more occupations" with the residual functional capacity that a plaintiff is able to meet. 20 C.F.R. §416.966(b). In this case, the VE testified that a person with Plaintiff's residual functional capacity (RFC)[2] could perform the occupations of document preparer (DOT#249.587-018) and addresser (DOT#209.587-010), both unskilled positions, and that these jobs exist in significant

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his/her own limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Additionally, a person's RFC is an administrative finding reserved for the ALJ, not a medical opinion to be rendered by a doctor. 20 C.F.R. §§404.1527*,* 416.927; 20 C.F.R. §§404.1546(c), 416.946(c). In this case, Plaintiff does not challenge the ALJ's RFC assessment. *See,* ECF No. 16.

numbers nationally. (ECF No. 8-3, pp. 47-48). The VE testified that her testimony is consistent with the DOT. *Id.* at p. 48. In her decision, the ALJ found that the VE's testimony is consistent with the information contained in the DOT. (ECF No. 8-2, p. 32). Based on the same, the ALJ found that as of May 1, 2009, Plaintiff was not disabled. (ECF No. 8-2, p. 33).

With regard to job of addresser, Plaintiff suggests that this job is outdated, obsolete, no longer exists in the numbers to which the VE testified and that VEs and ALJs should not be permitted to deny people disability benefits by ruling they can do this job. (ECF No. 16, pp. 7-8). As a result, Plaintiff submits that even though the job is listed in the DOT, these jobs cannot possibly exist in significant numbers and this case should be remanded. *Id.* I disagree.

While Plaintiff may desire that Social Security Administration reconsider its reliance on the DOT in disability proceedings, there is no doubt that "'the DOT remains an appropriate source of occupational data. Under 20 C.F.R. § 404.1566(d)(1), the Social Security Administration may take administrative notice of job information from the DOT.' *Devault v. Astrue,* Civ. No. 2:13–cv–0155, 2014 WL 3565972, at *6 (W.D.Pa. July 18, 2014). 'Social Security Ruling 00–4P sets forth that the relevant inquiry is whether VE testimony is consistent with the DOT.' *Id.* ALJs are directed to identify and explain conflicts between the VE's testimony and the DOT. S.S.R. 00–4p.'" *See, Coates v. Colvin*, No. CIV.A. 14-0265, 2014 WL 4792199, at *3–4 (W.D. Pa. Sept. 24, 2014).

That is exactly what occurred in this case. The ALJ asked the VE if her testimony was consistent with the DOT and the VE answered that it was. (ECF No. 8-3, p. 48). After consulting the DOT, the ALJ determined that the VE's testimony was consistent with the information in the DOT. (ECF No. 8-2, p. 32). I find that the ALJ reliance on the same was proper and is supported by substantial evidence. Thus, there was no need for any further inquiry. Consequently, I find no error in this regard.

Plaintiff also argues that the position of document preparer has a reasoning level of 3

which exceeds her RFC reasoning level[3] as found by the ALJ. (ECF No. 16, pp. 5-7). After a review of the evidence, I disagree. In this case, the ALJ found Plaintiff has the RFC to perform sedentary work with limitations including that she "is limited to performing simple, routine and repetitive tasks, but not at a production rate pace" and "is limited to simple work-related decisions." (ECF No. 8-2, pp. 25-26). The Third Circuit has held that a reasoning level of 2 does not contradict a restriction to simple, routine and repetitive tasks and declined to hold a *per se* conflict between a reasoning level and simple and repetitive tasks involving routine work. *Money v. Barnhart,* 91 F.Appx. 210, 215 (3d Cir. 2004); *cf. Zirnsak v. Colvin,* 777 F.3d 607, 618 (3d Cir. 2004). "[T]here is no bright-line rule stating whether there is a *per se* conflict between a job that requires level 3 reasoning and a finding that a claimant should be limited to simple and routine work." *Zirnsak v. Colvin*, 777 F.3d 607, 618 (3d Cir. 2014). Furthermore, the policy interpretation ruling for SSR 00-4p provides that "[u]sing the skill level definitions in 20 C.F.R. 404.1568 and 416.968, unskilled work corresponds to an SVP of 1-2…." SSR 00-4p, 2000 WL 1898704.

Here, the job of document preparer is unskilled work. The VE considered Plaintiff's vocational profile, including her educational and work experience, in testifying that the document preparer was a job that a person with Plaintiff's RFC could perform. The VE further testified that her testimony was consistent with the DOT. (ECF No. 8-3, p. 48). The ALJ was entitled to rely upon the VE's testimony. SSR 00-04p. Therefore, I find no error in this regard. As a result, I

---

[3] A reasoning level is one of the three divisions of the general educational development. *Appx C,* Dictionary of Occupational Titles. Reasoning level 1 involves applying commonsense understanding to carry out simple one- or two-step instructions in standardized situations with occasional or no variables on the job. *Id.* Reasoning level 2 involves applying commonsense understanding to carry out detailed but uninvolved written or oral instruction in problems involving a few concrete variables in standardized situations. *Id.* As opposed to a job with a level 2 reasoning, a job with a reasoning level of 3 involves applying commonsense understanding to carrying out instructions furnished in written, oral, or diagrammatic form in dealing with problems involving several concrete variables in or from standardized situations. *Appx C,* Dictionary of Occupational Titles.

find Plaintiff's argument in this regard without merit. Consequently, remand is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANJANETTE BYRD,  )
  )
       Plaintiff,  )
  )
-vs-  )   Civil Action No. 18-40
  )
NANCY A. BERRYHILL,[4]  )
COMMISSIONER OF SOCIAL SECURITY,  )
  )
       Defendant.  )

AMBROSE, Senior District Judge

# ORDER OF COURT

THEREFORE, this 1st day of March, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 15) is denied and Defendant's Motion for Summary Judgment (ECF No. 19) is granted.

                  BY THE COURT:

                  s/   Donetta W. Ambrose
                  Donetta W. Ambrose
                  United States Senior District Judge

---

[4]Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.